CASE 28.—SUIT BY JOHN HURLEY, JR., AGAINST THE BIG SANDY & CUMBERLAND RAILWAY COMPANY.— February 9, 1910.

## Hurley v. Big Sandy & Cumb. Ry Co.

Appeal from Pike Circuit Court.

A. J. KIRK, Judge.

Judgment for defendant, plaintiff appeals.—Reversed.

1. Pleading—Answer—Demurrer—Effect.—The allegations of an answer will be taken as true on demurrer.

2. Vendor and Purchaser—Rights Acquired by Purchasers—Notice.—Where the owners of timber land granted parties the right to construct a railroad thereon, and the contract was recorded and the road built, a party who subsequently purchased the property did so with notice of it, and acquired title to the land only subject to the right of way, and had no interest in any consideration due his grantors for the grant of the right of way.

3. Carriers—Carriage of Goods—Special Contracts—Validity.—Under Const. Sec. 215, requiring all railway companies to transport freight of the same class for all persons for the same method of payment, and Ky. St. 1894, Sec. 817, declaring one failing to do this guilty of unjust discrimination, a contract by a lumber company to carry a party's freight in consideration of a former grant of a right of way for a railroad cannot be specifically enforced against a railroad com-

pany leasing the right of way and doing the business of a common carrier, since the carrying of the' freight free would be a violation of the Constitution and statutes.

4. Railroads—Lease—Rights and Liabilities.—The owners of timber land granted a right of way to construct a railroad on their land to a lumber company on the consideration that the lumber company carry their personal freight free of charge. The deed was recorded and showed the consideration unpaid. The lumber company leased the road to a railroad company. Held, that the railway company took the right of way subject to a lien given by the statute for the unpaid consideration, which may be enforced if the railway's lessor fails to pay the charges on the grantor's personal freight.

5. Contract—Requisites and Validity—Definiteness—"Personal Freight."—A contract to carry the personal freight of certain parties between designated points free of charge means freight owned by them individually, and is not too indefinite to be executed.

6. Judgment—Conclusiveness—Persons Concluded.—Where parties plaintiff were dismissed from a suit to enforce a covenant in a deed on the motion of defendant, the judgment granting compensation to the remaining plaintiffs for breach of the covenant will not bar their right to bring separate actions for the same.

7. Appeal and Error—Questions Presented for Review—Parties.—The propriety of a ruling dismissing parties from a suit on motion cannot be determined on an appeal to which they are not parties.

BUTLER & MOORE for appellant.

A. E. AUXIER for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

On January 13, 1899, a written contract was entered into between John Hurley, Sr., John Hurley, Jr., and George Hurley of the first part, and the Knox Creek Lumber Company of the second part, which among others contained the following provisions: "That in consideration of the sum of $300.00 to them in hand paid by the said party of the second

part, the receipt whereof is hereby acknowledged, and certain other sums of money hereinafter mentioned to be paid by the said party of the second part to the said parties of the first part, they, the said parties of the first part do grant and convey upon the terms and conditions hereinafter set forth, unto the said party of the second part, its successors or assigns with covenants of general warranty of title, all the good, sound and merchantable poplar, cucumber, ash, white oak, red oak, chestnut oak. [Here follows description of timber and land on which it is situated.]

Together with the right of way through and over said described tract of land for the purpose of cutting, removing, transporting, and manufacturing said timber and trees into lumber or any other timber and trees now owned or hereafter to be acquired by said party of the second part, its successors, or assigns on other lands, which it may desire to transport through and over said tract of land, and for these purposes to build, construct, and operate any and all needful tramroads, buildings, slides, chutes, and other improvements necessary to cut, remove, transport, and manufacture said trees or timber into lumber. Said party of the second part is to be allowed to remove when it ceases its operations contemplated hereunder, all improvements placed on said land by it.

Together also with the full right to enter upon a certain other tract of land owned by the said parties of the first part situated on said Knox creek in said Pike county and more particularly described as follows: [Here follows description of tract.] For the purpose of building, constructing, operating and maintaining a tram, rail or other road through and

over said last above mentioned and described tract of land, as the same has been recently located by W. D. Chaney, civil engineer. With the further right of moving, hauling and transporting freight of every kind and nature, through and over said last above described tract of land. The terms and conditions of this conveyance are as follows: * * * Fourth. The said party of the second part agrees to haul free of charge from Devon station to the mouth of Hurricane creek any personal freight belonging to the said parties of the first part, and also personal freight from the mouth of Hurricane creek to Devon.'' After the execution of the contract the Knox Creek Lumber Company constructed a tramroad over the land for the purpose of removing its timber by the means of steam locomotives. And this it sold and by deed conveyed the tramroad to the W. M. Ritter Lumber Company on April 22, 1901. The Ritter Lumber Company after this leased it for a term of years to the Big Sandy & Cumberland Railroad Company which improved the road and commenced to operate it as a commercial railway carrying freight and passengers for hire. The Knox Lumber Company and the Ritter Lumber Company carried the personal freight of the Hurleys between Devon and the mouth of Hurricane creek as provided in the contract, and under an arrangement between the Ritter Lumber Company and the railroad company the former paid the railroad company for hauling the freight until January 30, 1907, at which time the Hurleys sold and conveyed to Wheeler Blankenship the tract of land over which the right of way ran with no reservation or mention of the right of way or of compensation to them for its use. Thereupon the Ritter Lumber Company refused to pay any

longer for the personal freight of the Hurleys, and the railroad company declined to carry it free of charge.

This suit was brought by the Hurleys on March 25, 1908, in which they charged that they had been compelled to pay $15 for the carriage of their freight wrongfully. They asked a specific performance of the contract and judgment for the sum paid and all proper relief. On motion of the railroad company, the plaintiffs were required to elect in whose name the plaintiffs would prosecute the action; thereupon they elected to prosecute it in the name of John Hurley, Jr., and the action was dismissed without prejudice as to the other of the plaintiffs. The railroad company then filed an answer, to which the plaintiff demurred. The court overruled his demurrer to the answer, and, he electing to stand upon his demurrer, his petition was dismissed. The above are the facts of the case as shown by the allegations of the answer which must be taken as true on demurrer.

The agreement to carry his personal freight free of charge was a part of the consideration going to Hurley for the grant of the right of way. The contract having been duly recorded, and the road being built on the ground, Blankenship bought with notice of it. At the time he bought Hurley had parted with the right of way, and he had only title in him to the land subject to the right of way. Blankenship acquired by his deed only title to the land subject to the right of way. He took no interest in the right of way. Hurley did not then own it. He had previously sold the right of, way. A part of the consideration had not been paid him. Blankenship took no interest in this. It was entirely immaterial to him whether

Hurley had been paid for the right of way or not. The fact that a part of the consideration had not been paid to Hurley gives Blankenship no greater rights than he would have if it all had been paid before he bought. The unpaid consideration for the right of way is simply a matter between Hurley and his grantee and those claiming under it. The consideration which Hurley was to receive for the right of way belonged to him personally. It is simply the price to be paid him for an interest in the land which he parted with before he conveyed the remainder to Blankenship. The conveyance to Blankenship therefore cuts no figure in the case. Butt v. Riffe, 78 Ky. 354; Bird v. Bank of Williamstown, 13 S. W. 430, 11 Ky. Law Rep. 868.

Section 215 of the Constitution is in these words: "All railway, transfer, belt lines, or railway bridge companies shall receive, load, unload, transport, haul, deliver and handle freight of the same class for all persons, associations or corporations from and to the same points and upon the same conditions, in the same manner and for the same charges, and for the same method of payment." This section is also enforced by section 817, Ky. St. 1894. The Constitution was made in 1891 and the statute in 1893. The contract in question was made in 1899. It is insisted that the contract is enforceable because the agreement to carry the freight free of charge is based on a valuable consideration—that is, the grant of the right of way—but it will be observed that by the Constitution all railway companies are required to transport freight of the same class for all persons for the same method of payment. The purpose of the Constitution is to secure perfect equality between shippers, and to this end all ship-

pers are required to pay by the same method of payment; the purpose being to exclude all contracts based upon other considerations for the reason that these might be, and often would be, a mere shield to conceal the real transaction.

· The language of the Constitution is too plain to admit of any other construction, and must be enforced. As the railway company can not carry the Hurley's freight free of charge without violating both the Constitution and the statute, the contract is not one which may be specifically enforced by the court. In L. & N. R. R. Co. v. Mottley, 133 Ky, 652, 118 S. W. 982, the contract relied on was made in 1871, when such contracts might be lawfully made and, the contract being valid when made, was not made invalid by the subsequent adoption of the Constitution, the language of which does not warrant a retrospective application. Besides, the state under the Constitution of the United States can not impair the obligation of a contract.

It is true Hurley had no contract with the railroad company. He made his contract with the Knox Creek Lumber Company; but the Knox Creek Lumber Company did not pay the consideration for the grant. The deed was recorded. It showed the consideration was unpaid, and under the statute the grantor has a lien upon the land for the unpaid consideration. The railway company took the right of way subject to this lien. It can not keep the land without paying for it. The law does not permit it to carry out the contract specifically, but there is no reason why its lessor may not pay the charges on Hurley's freight as before. If the contract is not complied with, Hurley is entitled to a lien on the right of way for such a sum as will fairly compensate

him for the failure of the railway company to carry his personal freight free of charge. Louisville, etc., R. R. Co. v. Whipp, 118 Ky. 121, 80 S. W. 507; Louisville, etc., R. R. Co. v. Baskett, 104 S. W. 695, 31 Ky. Law Rep. 1035; Id., 121 S. W. 957. The contract to carry the personal freight of the grantors is not too indefinite to be executed. By the personal freight is meant the freight owned by them individually. It is a contract to carry their property between the points specified free of charge and ending with their death. We see no reason why the whole matter may not be settled in this suit. But John Hurley, Sr., and George Hurley, will not be barred by the judgment' in this action of their right to bring separate actions to recover such sum as will compensate them for the breach of the covenant. As they were dismissed out of this suit on the motion of the railway company, the propriety of this ruling is not before us as they are not parties to the appeal.

Judgment reversed and cause remanded for further proceedings consistent herewith.