## Collins v. Commonwealth.

(Decided January 13, 1911.)

### Appeal from Mason Circuit Court.

1.  Pooled Tobacco—Selling and Disposing Thereof—Indictment— Venue.—Where an indictment for selling and disposing of pooled tobacco, charged that Patrick Collins on the —— day of————, 1909, and on other days before and since, within eight months last past, and before the finding of the indictment, in the county aforesaid (Mason County) did unlawfully and knowingly, sell and

dispose of a crop of pooled tobacco, laid the venue in Mason county.

2. Same—Gist of Offense—.The fact that the indictment alleged that the sale was effected "by then and there moving, taking and shipping said tobacco out of said county, to some place or point unknown to the grand jury and selling and unlawfully disposing of same to some person, firm or corporation unknown to the grand jury," does not contradict the previous allegation fixing the venue in Mason county. The gist of the offense lies in the violation of the pooling contract, and his act of removing the tobacco from Mason county with intent to sell it without the consent of the selling agents, thereby putting it out of its power to grade or sell it, was a disposal of the tobacco within the meaning of the Statute.

3. Trial—Admission of Contract as Evidence—Competency.—Where, on the trial, a contract was introduced as evidence which was used by the tobacco growers of another county, to which appellant made no objection, he could not object to it after his conviction, and there was therefore no such variance in its language and provisions as would authorize an acquittal of the appellant.

J. M. COLLINS and WORTHINGTON & COCHRAN for appellant.

JAS. BREATHITT, Attorney General, T. B. M'GREGOR, Assistant Attorney General, and M. J. HENNESSY for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the Mason circuit court entered upon a verdict finding the appellant guilty under an indictment and inflicting upon him a fine of $150.00, for selling and disposing of a crop of pooled tobacco in violation of section 3941-a, Kentucky Statutes.

It appears from the allegations of the indictment that appellant, together with other tobacco raisers of Mason county, by a writen contract made, as authorized by the statute, supra, with the Burley Tobacco Society and the Mason County Board of Control, its authorized agent selling for Mason county, consigned to and pooled with such society and its agent, their crops of burley tobacco raised in the year 1907; their object in entering into the contract being to realize fairer and more remunerative prices for the tobacco than could be obtained from separate sales of it by the owners. The contract in question is set out in the indictment. It constituted the Burley Tobacco Society and the Mason County Board of Control, the agents of the tobacco

growers signing the contract to receive, grade and sell
the tobacco pooled, and obligated the later not to them-
selves sell or dispose of the tobacco pooled without the
consent of the agents so appointed to receive, grade and
sell it.   It was further alleged in the indictment that
under and by virtue of the contract in question appel-
lant consigned to and pooled with the Burley Tobacco
Society and Mason County Board of Control, 14,000
pounds of burley tobacco raised by him on his farm in
the year 1907; that in violation of the contract and the
statute authorizing it, he unlawfully and wilfully sold
and disposed of the tobacco thus pooled by him "by
moving, taking and shipping said tobacco out of said
Mason County, to some place or point unknown to the
grand jury, and there selling and unlawfully disposing
of same to some person, firm or corporation unknown
to the grand jury," and that such sale and disposal of
the tobacco was without the consent of the agents
empowered by the contract to sell it.

It is insisted for appellant that the trial court should
have sustained the demurrer filed by him to the indict-
ment, or in any event sustained his motion, made after
the introduction of all the evidence, for a peremptory
instruction directing his acquittal by the jury.   The first
of these contentions rests upon the ground that the
indictment failed to lay the venue of the offense charged
in Mason County, or at all; and the second, upon the
ground that the evidence, as claimed, proved the sale of
the tobacco in the City of Cincinnati, State of Ohio,
therefore, the Mason Circuit Court had no jurisdiction
of the offense.

The first contention cannot be sustained because the
indictment shows on its face that it was found and
returned by the grand jury of Mason County, and it
charged that "the said Patrick Collins on the —— day
of ———— 1909, and on other days before and since,
within eight months last past and before the finding of
this indictment, in the county aforesaid (Mason County),
did unlawfully and knowingly sell and dispose of a crop
of pooled tobacco, to-wit: about 14,000 pounds of tobacco
grown in the year 1907, by Patrick Collins, on the farm
of said Collins in said Mason County  *   *   *," It
will be observed that the indictment does lay the venue
in Mason County.

It is argued, however, that as it also alleges that
appellant effected the sale "by then and there moving,

taking and shipping said tobacco out of said county, to some place or point unknown to the grand jury and there selling and unlawfully disposing of same to some person, firm or corporation unknown to the grand jury * * *," this language contradicted the previous allegation fixing the venue in Mason County and shows, as did the evidence introduced on the trial, that the offense was committed elsewhere.

This argument must fail, if the acts by which appellant disposed of the pooled tobacco, constituted a violation of the pooling contract in Mason County and therefore a disposal, in the meaning of the statute, of the tobacco in that county.

The gist of the offense lies in the violation of the pooling contract allowed by the statute, the penalty for which may be found in sub-section 3 of section 3941-a, which provides:

"For any breach or violation of any contract entered into or the purposes set out in the foregoing sections, the injured party may recover the damages sustained by him by reason of such violation of such contract of the person violating the same, and also of any person who shall induce or persuade another to violate such contract, which damages shall include the reasonable expense and attorney's fees incurred by the injured party in prosecuting an action to recover such damages, or to prevent a violation of such contract, if the party complaining shall succeed in doing so, which may be recovered in the same action or original proceeding. Said agent when so selected as herein provided shall have the sole right to sell said crop so pooled or combined, and it shall be unlawful for any owner of such crop to sell or dispose of same and for any person to knowingly purchase the same without the written consent of such agent, and upon conviction thereof he or they shall be fined in any sum or amount not exceeding $250.00 for each offense, to be fixed by the jury in their discretion."

The contract by which appellant pooled his tobacco was made in Mason County and the Burley Tobacco Society and Mason County Board of Control, consignees and agents appointed to sell the tobacco, were and are in that county. By removing the pooled tobacco from that county and selling it elsewhere without the consent of the selling agents, appellant violated the pooling contract to the injury of other growers of tobacco who had

entered the pool upon the faith of his being a member. Indeed, the mere removal of the tobacco from Mason County by him without the consent of the selling agents and with the intent on his part to sell it without their consent in violation of the pooling contract, was a disposal of it within the meaning of the statute. The actual sale of the tobacco in Cincinnati was a mere incident or culminating act of the transaction, furnishing conclusive evidence of the fraudulent intent with which he removed the tobacco from Mason County. The act of removal without the consent of the selling agents put it out of their power to grade or sell the tobacco as provided by the pooling contract, and as the removal of it by appellant was with the intent to sell it in violation of the pooling contract, he thereby unlawfully disposed of it, even before the act of sale, within the meaning of the contract; and in so doing subjected himself to the statutory penalty. If appellant removed the tobacco from Mason County with the fraudulent intent to sell it himself without the consent of the selling agents of the pool and then gave it away, threw it into the Ohio River, or burned it, it would have been an unlawful disposal of it within the meaning of the statute.

Section 21 Criminal Code provides:

"If an offense be committed partly in one county and partly in another county, or if acts and their effects constituting an offense occur in different counties, the jurisdiction is in either."

Manifestly, the acts constituting in large part the offense committed by appellant and also the effects thereof, occurred in Mason County.

Section 1358, Kentucky Statutes, declares:

"If any person shall fraudulently sell, conceal or dispose of any personal property on which there is at the time a mortgage of record, with the intent to prevent the enforcement of the lien thereon, or the foreclosure of the mortgage and sale of the property, he shall be fined not less than ten, nor more than one thousand dollars, and imprisoned not less than fifteen nor more than twenty days, or both so fined and imprisoned."

If one should offend against this statute by removing mortgaged property from the county where it is situated or where the mortgage is recorded, and fraudulently sells, conceals or otherwise disposes of it in another county, would it be seriously contended that the court of the county from which the property was removed,

equally with that of the county in which it was sold, would not have jurisdiction of the offense? Surely not. The same rule would apply where the mortgaged property is removed from a county in this state and carried to and sold or otherwise disposed of in another state.

In our opinion the grand jury of Mason County had jurisdiction to indict, and the Mason Circuit Court jurisdiction to try, appellant for the offense in question, therefore, the court did not err in overruling appellant's demurrer to the indictment, or in refusing the peremptory instruction asked by him.

The opinion in O'Banion v. Commonwealth, 113 S. W., 907, relied on by appellant, does not conflict with the conclusions herein expressed. It is true the indictment in that case charged an unlawful sale in Cincinnati of tobacco he had pooled in Owen County, this state, but as the pooling contract allowed him to take the tobacco to that city for storage before its sale by the Burley Society, it was properly held that its sale by him in violation of the pooling contract was an offense committed wholly in another state of which the circuit court of Owen County had no jurisdiction. But in the case at bar the pooling contract did not permit the appellant to remove the tobacco from Mason County, and therefore, its removal therefrom by him was a violation of the contract and of the statute, amounting to a disposal of the tobacco, which made him amenable to the penalty therein prescribed. The two cases are not therefore analogous in point of fact or principle.

We must also reject appellant's final contention that the peremptory instruction should have been granted because the pooling contract introduced in evidence was not the one signed by him in pooling his tobacco. The contract in question seems to have been one intended for use, or that was used, by tobacco growers in Adams County, Ohio, but its provisions and languages were admittedly the same as the provisions and language of that signed by appellant. Whether the contract signed by him had been lost or misplaced, does not appear, but he did not object to the introduction of the contract used in evidence, hence, he could not do so after his conviction. There was, therefore, no such variance as authorized an acquittal.

We have not discussed the objections urged by appellant to the constitutionality of the statute under which he was indicted as the same objections were fully con-

sidered and answered by us in the cases of Common-wealth v. International Harvester Co., 131 Ky. 551, and Commonwealth v. Hodges, 137 Ky. 223, in which the constitutionality of the act was sustained.

Finding no cause for disturbing the verdict, the judgment is affirmed.